# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Rebekah Todd,                                    Civil No. 14-cv-00173-ADM-FLN

               Plaintiff,

v.                                               **ANSWER OF TOYOTA MOTOR**
                                                 **CREDIT CORPORATION**

Toyota Motor Credit Corporation d/b/a
Lexus Financial Services, All Wheels
Recovery, Inc. and Anthony Park King,

               Defendants.

Defendant Toyota Motor Credit Corporation (TMCC), for its Answer to Plaintiff's Amended Complaint, states and alleges as follows:

1.      Denies each and every allegation in the Amended Complaint except as otherwise stated, qualified or admitted herein.

2.      In response to ¶ 1, states that the paragraph contains legal conclusions to which no response is required, but denies that TMCC violated any law.

3.      In response to ¶¶ 2 and 3, states that Plaintiff's allegations regarding jurisdiction and venue constitute legal conclusions to which no response is required.

4.      In response to ¶ 4, admits upon information and belief that Plaintiff resides in Maple Grove, Minnesota, and states that the allegation as to whether Plaintiff is a "consumer" as defined by law constitutes a legal conclusion to which no response is required.

5.      In response to ¶ 5, admits that TMCC is a lender which conducts business in the State of Minnesota and elsewhere.

6.      In response to ¶ 6, admits on information and belief that Defendant All Wheels Recovery, Inc. is a repossession company in Minnesota, and states that whether All Wheels is a "debt collector" as defined by law constitutes a legal conclusion to which no response is required.

7.      In response to ¶ 7, TMCC lacks sufficient information to admit or deny the allegations and states that whether Defendant King was a "debt collector" as defined by law constitutes a legal conclusion to which no response is required.

8.      In response to ¶ 8, TMCC admits generally that it entered a loan with Plaintiff for a vehicle.

9.      In response to ¶ 9, lacks sufficient information to admit or deny the allegations as to whether Plaintiff used the subject vehicle for consumer as opposed to business purposes, and states that whether Plaintiff incurred a "debt" as defined by law constitutes a legal conclusion to which no response is required.

10.     In response to ¶ 10, TMCC lacks sufficient information at this time to admit or deny whether some of the payments made by Plaintiff on the loan were late or partial.

11.     In response to ¶ 11, admits generally that Plaintiff failed to make monthly loan payments due to TMCC.

12.     In response to ¶ 12, admits that TMCC notified Plaintiff of the default, which notice should speak for itself.

13.     In response to ¶ 13, admits that Plaintiff failed to cure the default.

2

14.     In response to ¶ 14, admits generally that All Wheels was retained to repossess the subject vehicle.

15.     TMCC lacks sufficient information at this time to admit or deny the allegations as stated in ¶¶ 15 through 71, which for the most part are directed to Defendants other than TMCC.

16.     In response to ¶ 72, admits that Plaintiff has demanded a jury trial and states that whether Plaintiff is entitled to a jury trial with respect to each Count of the Complaint constitutes a legal conclusion to which no response is required.

17.     In response to ¶ 73, TMCC incorporates by reference its prior responses.

18.     In response to ¶¶ 74 through 78, TMCC states that the Count for alleged violation of the FDCPA is stated only as against Defendants All Wheels and King, and thus calls for no response by TMCC.

19.     In response to ¶ 79, TMCC incorporates by reference its prior responses.

20.     In response to ¶ 80, denies the allegation that TMCC had no right to repossess Plaintiff's vehicle.

21.     In response to ¶¶ 81 to 82, TMCC lacks sufficient knowledge at this time to admit or deny the alleged actions of Defendant King.

22.     In response to ¶ 83, denies that TMCC was directly involved in removing Plaintiff's vehicle as alleged, and lacks sufficient information at this time to admit or deny the allegation that Plaintiff attempted to revoke any right to self-help repossession.

23.     In response to ¶ 84, denies that TMCC was directly involved in any alleged breach of the peace, and lacks sufficient information at this time to admit or deny whether other Defendants breached the peace.

24.     In response to ¶¶ 85 to 87, TMCC states that the allegations constitute legal conclusions to which no response is required, and with respect to the claimed damages, TMCC lacks sufficient information to admit or deny the claim and puts Plaintiff to her strict proof thereof.

25.     In response to ¶ 88, TMCC incorporates by reference its prior responses.

26.     In response to ¶¶ 89 to 90, TMCC states that the conversion count is stated solely as against Defendants All Wheels and King and thus requires no response from TMCC.

27.     In response to ¶ 91, TMCC incorporates by reference its prior responses.

28.     In response to ¶¶ 92 through 95, states that Plaintiff's count for trespass is stated only against Defendants All Wheels and King and thus requires no response from TMCC.

29.     In response to Plaintiff's prayer for relief, denies that Plaintiff is entitled to any relief as against TMCC.

30.     Alleges that the Complaint fails to state a claim upon which relief may be granted, in whole or in part.

31.     Alleges that TMCC provided proper notice with respect to the default and repossession remedy.

4

32.     Alleges that TMCC's actions with respect to Plaintiff's loan and vehicle were performed in good-faith and were consistent with industry practices and standards.

33.     Alleges that Plaintiff failed to mitigate her damages.

34.     Alleges that Plaintiff's damages, if any, were caused by actions or inactions of third parties, or Defendants other than TMCC, who were independent contractors.

35.     TMCC reserves the right to assert other defenses as discovery proceeds.

WHEREFORE Defendant Toyota Motor Credit Corporation prays for judgment of the Court as follows:

1.     Dismissing the Amended Complaint with prejudice and on the merits;

2.     Awarding TMCC its costs, disbursements and attorneys' fees incurred to defend this matter; and

3.     Such other just and equitable relief as the Court deems appropriate.

**BASSFORD REMELE**
*A Professional Association*

Dated: March 17, 2014     By /s/ Christopher R. Morris
                          Christopher R. Morris (License #230613)
                          Jessica L. Klander (License #392290)
                          Attorneys for Defendant Toyota Motor
                             Credit Corporation
                          33 South Sixth Street, Suite 3800
                          Minneapolis, Minnesota 55402-3707
                          Telephone:   (612) 333-3000
                          Facsimile:    (612) 333-8829
                          cmorris@bassford.com
                          jklander@bassford.com

1318754.docx

32.     Alleges that TMCC's actions with respect to Plaintiff's loan and vehicle were performed in good-faith and were consistent with industry practices and standards.

33.     Alleges that Plaintiff failed to mitigate her damages.

34.     Alleges that Plaintiff's damages, if any, were caused by actions or inactions of third parties, or Defendants other than TMCC, who were independent contractors.

35.     TMCC reserves the right to assert other defenses as discovery proceeds.

WHEREFORE Defendant Toyota Motor Credit Corporation prays for judgment of the Court as follows:

1.     Dismissing the Amended Complaint with prejudice and on the merits;

2.     Awarding TMCC its costs, disbursements and attorneys' fees incurred to defend this matter; and

3.     Such other just and equitable relief as the Court deems appropriate.

**BASSFORD REMELE**
*A Professional Association*

Dated: March 17, 2014     By /s/ Christopher R. Morris
                          Christopher R. Morris (License #230613)
                          Jessica L. Klander (License #392290)
                          Attorneys for Defendant Toyota Motor
                             Credit Corporation
                          33 South Sixth Street, Suite 3800
                          Minneapolis, Minnesota 55402-3707
                          Telephone:   (612) 333-3000
                          Facsimile:    (612) 333-8829
                          cmorris@bassford.com
                          jklander@bassford.com

1318754.docx